224 South Michigan Avenue
Chicago, Illinois 60604
Tel 312 660 7600

EimerStahl LLP

Nathan P. Eimer
312 660 7601
neimer@eimerstahl.com

November 13, 2026

**FILED VIA ECF**
The Honorable Mary Kay Vyskocil
U.S. District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Arizona Regional Multiple Listing Service, Inc., et al. v. Compass, Inc.*, No. 1:26-cv-09253-MKV (S.D.N.Y.)

Dear Judge Vyskocil:

Pursuant to Rule 4(A)(i) of Your Honor's Individual Rules of Practice, Defendant Compass, Inc. ("Compass") respectfully requests a pre-motion conference in anticipation of its motion to (1) dismiss the Amended Complaint, ECF No. 28, under the Declaratory Judgment Act, or, in the alternative, (2) sever each Plaintiff's claims under Federal Rule of Civil Procedure 21 and transfer them under 28 U.S.C. § 1404(a) to the district where Compass's action against that Plaintiff is now pending. Compass also intends to move to stay proceedings pending resolution of its motion. Plaintiffs do not consent to the relief sought.

## I. Background

Plaintiffs are seven separate multiple listing services ("MLSs") headquartered in Arizona, California, Colorado, and North Carolina. None is in New York. Am. Compl. ¶¶ 10–16. Each "independently" adopted its own listing-submission rules, and those rules "vary." *Id.* ¶¶ 39, 43. (If discovery shows the MLSs conspired, Compass may assert a corresponding antitrust claim.)

By letters sent in September 2026, Compass asked each MLS to confirm by October 6 that it would stop fining and punishing real estate professionals for publicly marketing office exclusive listings or face an antitrust suit. *Id.* ¶¶ 62–72. Each letter offered that, if the MLS agreed, Compass would "waive and release" its claims. *E.g.*, *id.* Ex. K, at 1. Each of those MLSs sought an extension of that deadline, and during that extra time, they devised the instant action. On September 18, attorney Mitch Skinner spoke to me on behalf of Plaintiffs ARMLS, Doorify MLS, and Hive MLS and implicitly suggested they were willing to resolve this issue and then asked me to "send the draft release at your earliest convenience," which I did. Ex. A. Then, on October 5 at 10:32 a.m., Mr. Skinner called Compass's Chief Legal Officer, and they had a long discussion, in which Mr. Skinner requested an extension of the deadline to respond to Compass' demand letter, claiming his clients needed more time because several decision makers were ill and others were busy and needed more time to work on Compass' demand. Based on Mr. Skinner's representations, and as a good faith professional courtesy, Compass extended those particular MLSs' deadlines to October 20. Ex. B; Ariz. Compl. ¶ 91; Hive Compl. ¶ 89; Doorify Compl. ¶ 88.[1] At no time did Mr. Skinner

[1] Facts related to Compass's correspondence with Plaintiffs were pleaded in the November 12, 2026, complaints filed against them. *See Compass, Inc. v. Ariz. Reg'l Multiple Listing Serv., Inc.*, Case No. Pending (D. Ariz.) ("Ariz. Compl."); *Compass, Inc. v. BridgeMLS, Inc.*, No. 4:26-cv-13647 (N.D. Cal.) ("BridgeMLS Compl."); *Compass, Inc.*

suggest his clients were unwilling to work towards a solution with Compass or that they might bring a declaratory action against Compass in this Court.

MLSListings, BridgeMLS, REcolorado, and Canopy MLS separately sought extensions of their time to respond to Compass's letter. On September 28, MLSListings obtained an extension to October 28. MLSListings Compl. ¶ 83. Likewise, on October 5, BridgeMLS obtained an extension to October 30, and REcolorado obtained an extension to November 6. BridgeMLS Compl. ¶ 85; Colo. Compl. ¶ 91. Further, on September 29, Canopy MLS's counsel sought an extension to consult "Canopy's stakeholders," and Compass twice extended Canopy's deadline, ultimately to October 20. Canopy Compl. ¶ 88. As with Mr. Skinner's clients, Compass extended these deadlines in a good faith effort to resolve its disputes with those MLSs short of involving the Court and as a professional courtesy.

None of the aforementioned MLSs ever responded to the substance of Compass's demand. Instead, on October 21, all six of them filed this action. ECF No. 1. MLSListings joined on October 30. ECF No. 28. The MLSs seek declarations that their rules are lawful under the Sherman Act and the laws of four States and an injunction barring Compass from "bringing or pursuing any claim" against them. Am. Compl., Prayer ¶¶ A–F.

On November 12, 2026, Compass and its local affiliates sued each MLS in its home district (the "Home-District Actions"). *See supra* n.1. Each suit asserts a Sherman Act claim for damages and injunctive relief, the two California actions add Cartwright Act claims, and each asks the relevant local Court and the relevant local jury to decide the legality of the local MLS's conduct.

## II. Motion to Dismiss Under the Declaratory Judgment Act

For the reasons stated in Compass's letters in the related *CRMLS* action, Compass will move the Court to decline jurisdiction over this anticipatory declaratory judgment action. *See* No. 1:26-cv-08796, ECF Nos. 10, 16. A central consideration is whether the remedy "is being used merely for procedural fencing or a race to res judicata." *Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 100 (2d Cir. 2023) (citation omitted). Suits "filed in response to a direct threat of litigation that gives specific warnings as to deadlines and subsequent legal action" are "improper anticipatory declaratory judgment action[s]." *Emps. Ins. of Wausau v. Fox Ent. Grp., Inc.*, 522 F.3d 271, 275–76 (2d Cir. 2008). And where, as here, a notice letter triggers the suit, "the Court presumes anticipatory conduct." *Wolff v. Trump*, No. 1:25-cv-10752-MKV, 2026 WL 1453606, at *22 (S.D.N.Y. May 22, 2026) (cleaned up). The MLSs plead that Compass's letters and deadlines are why they sued, but they omit that Compass granted each of them extensions. Am. Compl. ¶¶ 7–8, 19, 87.

The MLSs did not simply sue before the deadline that Compass set. Three of them, through common counsel, asked Compass for the release it offered in exchange for compliance with the demand, signaling that a negotiated resolution was under consideration. They then obtained more time under claims of illness or busy decision-makers, but instead used that time to prepare to sue Compass. In *Navigators Underwriting Agency Ltd. v. Micron Technology, Inc.*, 427 F. Supp. 3d 506 (S.D.N.Y. 2019), the Court dismissed the declaratory action because the declaratory-plaintiff

---

*v. MLSListings Inc.*, No. 5:26-cv-13652 (N.D. Cal.) ("MLSListings Compl."); *Compass, Inc. v. Metrolist, Inc.*, No. 1:26-cv-06027 (D. Colo.) ("Colo. Compl."); *Compass, Inc. v. Carolina Multiple Listing Servs., Inc.*, No. 3:26-cv-00971 (W.D.N.C.) ("Canopy Compl."); *Compass, Inc. v. Triangle MLS, Inc.*, No. 5:26-cv-00906 (E.D.N.C.) ("Doorify Compl."); *Compass, Inc. v. N.C. Reg'l MLS, L.L.C.*, No. 7:26-cv-00450 (E.D.N.C.) ("Hive Compl.").

sued after the demanding party had twice extended its sue-by date. That is exactly what happened here.

Nor would Plaintiffs' requested declarations settle the controversy. *Admiral*, 57 F.4th at 100. The Home-District Actions include Compass affiliates that are not parties here, seek damages that no declaration could resolve, and challenge rules beyond those the Amended Complaint identifies. *Compare, e.g.*, Am. Compl. ¶ 43 (Canopy Rule 1.1.2; Hive Rule 1.01), *with* Canopy Compl. ¶ 87 (Rules 1.1 and 1.1.2), *and* Hive Compl. ¶ 88 (Rules 1 and 1.01). Because this action is an improper anticipatory filing and the balance of convenience favors the home districts, both exceptions to the first-filed rule apply. *Emps. Ins. of Wausau*, 522 F.3d at 275.

## III. Alternative Motion to Sever and Transfer

Alternatively, the Court should sever each MLS's claims and transfer them to the district where that particular MLS's Home-District Action is pending. Rule 21 permits severance to facilitate transfer, *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618–19 (2d Cir. 1968), and the relevant factors favor it here, *see Dickerson v. Novartis Corp.*, 315 F.R.D. 18, 24–25 (S.D.N.Y. 2016). The MLSs plead they act independently, through different boards, under different rules, in different regional markets, and they seek declarations under the laws of four different States. Am. Compl. ¶¶ 10–16, 32–39, 43, 91–13. A common adversary and a similar demand letter do not make seven MLSs' separate rules one transaction. *See Kalie v. Bank of Am. Corp.*, 297 F.R.D. 552, 557–59 (S.D.N.Y. 2013). Whether each rule is a reasonable restraint depends on its terms, enforcement, and effects in that MLS's market, which will require different witnesses and proof for each MLS.

Once severed, each MLS's claims belong in its home district. Each MLS is headquartered there, adopted and enforces its rules there, its rules have the most impact on the people who live there, and will defend Compass's claims there. None of the MLSs sued at home, and their choice of a forum far from every relevant market for "tactical advantage" earns less deference. *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001) (en banc). Further, the MLSs' board members, the local agents they have disciplined, and the brokers and homeowners in each market are necessary non-parties and witnesses beyond this Court's subpoena power. *See* Fed. R. Civ. P. 45(c)(1). Transfer would promote efficiency by placing each MLS's dispute with Compass in a single court where Compass's local affiliates also are parties. And there is no prejudice to the MLSs; either way they must defend their illegal conduct in a federal court.

In addition, because further proceedings would be inefficient and unduly burdensome pending resolution of the motion, Compass also will move to stay all other proceedings, including its Rule 12 deadline, until the Court rules on the motion. I thank the Court for its attention.

Respectfully submitted,

/s/ Nathan P. Eimer (#1976067)

Counsel for Defendant Compass, Inc.

cc: Chambers (via VyskocilNYSDChambers@nysd.uscourts.gov)
Counsel of Record (via ECF)